*484 OPINION OF THE COURT
Edward M. O’Gorman, J.
The plaintiff wife in this action seeks to recover for injuries suffered when shopping in one of defendant’s stores. The plaintiff husband joins in the action to recover for the loss of his wife’s services and the expenses which he incurred as a result of those injuries.
Prior to the effective date of CPLR 1411 the plaintiff wife, in the event that she was in any way guilty of negligence which contributed to the happening of the accident, would be barred from any recovery against the defendant. Her husband, whose right to recover in his derivative cause of action was, by common law, dependent upon his wife’s right to recover damages, would also be barred from any recovery against the defendant (see Leo v Reile, 11 AD2d 1083).
The new CPLR 1411 preserves the wife’s right to recover under these circumstances, and applies a principle of comparative negligence to apportion to the defendant his proper share of the damage which was suffered by the wife. Pursuant to CPLR 1412, this right to reduce plaintiff’s recovery as a result of her alleged contributory negligence must be asserted as an affirmative defense by defendant. In this case, the defendant Big V Supermarkets, Inc., has pleaded such an affirmative defense and has also counterclaimed against the plaintiff wife for indemnification from any damages defendant might be required to pay to plaintiff husband in excess of defendant’s proper share of such damages. Plaintiffs now move to dismiss this counterclaim.
Whether the defendant has any claim against the plaintiff wife for indemnification would depend on a determination as to whether, since the adoption of CPLR 1411, the plaintiff husband who sues for loss of his wife’s services and medical expenses is able to recover the full amount of those damages despite any negligence of his wife. In the event that he is still completely barred from any recovery, after the adoption of the new CPLR 1411, or in the event that his claim must abate to the same proportionate extent as his wife’s claim abates, there would appear to be no necessity for a counterclaim against the wife such as the counterclaim in this case.
If it should be determined that the defendant is responsible to pay the plaintiff husband’s damages in full, it might then, under Dole-Dow, be entitled to recover the excess of this *485 payment over its proportionate share of the responsibility for the accident from the plaintiff wife. If such be the rule, the counterclaim is appropriately pleaded (see CPLR 1403).
However, there is no evidence in CPLR 1411 of a legislative intention that a husband who, prior to the adoption of the section, would have recovered nothing at common law in the event of his wife’s contributory negligence, should now, in his derivative action, fare even better than his wife, through whom his rights are derived.
CPLR 1411 was designed to ameliorate the harsh situation which resulted when a slight amount of contributory negligence barred the plaintiff wife entirely. It was designed to adopt the principle of a fair apportionment of damage between plaintiff and defendant. To permit the husband to recover the full extent of his damage would, as to this element of damage, result in unfairness to the defendant.
The court construes CPLR 1411 as requiring a proportionate abatement of the husband’s derivative action to the same extent as the wife’s right to recover is diminished. In view of this construction, there is no basis for a counterclaim for damages against the plaintiff wife, and therefore the motion to dismiss the counterclaim must be granted.