OPINION OF THE COURT
Richard A. Goldberg, J.
In this action arising out of an automobile accident, plaintiff wife, who was the driver of one of the vehicles, sues for personal injuries. Plaintiff husband joins in the action and sues for loss of services and property damage to his vehicle. Defendants, owners and operators of the other vehicle involved, interposed a general denial and asserted a counterclaim which sought to apportion any recovery which plaintiff husband might obtain, between the defendants and the plaintiff wife, in proportion to their respective shares of culpability. Plaintiff now brings the instant motion in Special Term to strike the counterclaim contending that it is superfluous and unnecessary under recent amendments to the CPLR.
CPLR 1411 provides that in actions for personal injury or injury to property "the culpable conduct attributable to the claimant * * * shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant * * * bears to the culpable conduct which caused the damages.”
*113 CPLR 1412 provides that "[c]ulpable conduct claimed in diminution of damages, in accordance with section [1411], shall be an affirmative defense to be pleaded and proved by the party asserting the defense.”
The issue is thus presented whether derivative causes of action such as this plaintiff husband’s causes of action for loss of services and property damage are encompassed within the meanings of the above sections, thereby requiring merely the interposing of an affirmative defense or whether a counterclaim is called for. The papers do not dispute the fact that the defendants seek merely to diminish the proportion of the damages for which the defendants would be liable rather than seeking damages on defendants’ own behalf.
In a similar situation the Supreme Court, Orange County, stated that there would appear to be no necessity for a counterclaim against the plaintiff wife based on a plaintiff husband’s cause of action for loss of services. (Abbate v Big V Supermarkets, 95 Misc 2d 483.) This case presents for the first time the issue of whether the logic of the Abbate case applies where a counterclaim for indemnification or abatement is asserted against a plaintiff owner’s cause of action for property damage as well as for loss of services.
In the Practice Commentaries to CPLR 1411 (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1411:2, p 386) Joseph M. McLaughlin states that a car owner "remains vicariously liable for the tort of his driver”. It would therefore seem to this court that there is no essential difference between a derivative cause of action for loss of services and consortium and one for property damage. The concept of comparative negligence enunciated in CPLR 1411 and 1412 must of necessity be held to apply to derivative causes of action such as in the case at bar. Plaintiff husband’s claim for property damage as well as his claim for loss of services and consortium will be diminished by "the culpable conduct attributable to” his driver wife. Since CPLR 1412 states that culpable conduct claimed in diminution of damages shall be an affirmative defense, the defendant should have pleaded the conduct as an affirmative defense rather than as a counterclaim.
The motion to dismiss the counterclaim is therefore granted. However, the defendants shall have 10 days from the service of a copy of the order herein upon their attorney to file an amended answer in conformity with this decision.