**Anne EGGERT, Appellant,**

v.

**Donavon F. WORKING and Helen F. Working, Appellees.**

**No. 3814.**

Supreme Court of Alaska.

Sept. 21, 1979.

Clifford W. Holst, Ely, Guess & Rudd, Anchorage, for appellant.

A. Lee Petersen, Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

MATTHEWS, Justice.

Donavon Working recovered a judgment of $142,003.01 against Anne Eggert for personal injuries he had suffered. His wife Helen recovered a judgment of $25,000.00 for loss of consortium. Eggert appeals contending:

1. The trial court's apportionment of negligence, finding Eggert to have been 85% negligent and Working to have been 15% negligent, is erroneous;

2. The trial court erred in finding Working's injury to be a permanent one;

3. The trial court's award of $90,000.00 for impaired earning capacity, reduced by 15% for Working's negligence, is erroneous;

4. The total award to Working is excessive; and

5. The court erred in failing to reduce Helen Working's loss of consortium award by the percentage of fault attributable to her husband.

Appellant's first four points relate to claimed errors in fact finding. We have reviewed the record and find, with respect to each of them, that the court's determination is supported by substantial credible evidence, and is not clearly erroneous. They are therefore affirmed. Civil Rule 52(a). The fifth point on appeal, however, stands on a different footing. It involves a determination of law, and one in which we conclude that the court was mistaken.

In *Schreiner v. Fruit,* 519 P.2d 462, 465–66 (Alaska 1975), we held that a wife, as well as a husband, is entitled to sue for loss of consortium, stressing that "[t]he interest to be protected is personal to the wife, for she suffers a loss of her own when the care, comfort, companionship, and solace of her spouse is denied her." *Schreiner* nonetheless denied recovery to the wife, holding that her loss of consortium claim should have been joined with her husband's suit. We expressed the concern that if the wife were to sue separately, a jury might calculate into its award elements of the injury suffered by the husband, resulting in a double recovery to that extent from the tortfeasor. *Id.* at 466.

When contributory negligence was a complete defense to a negligence action, a spouse's claim for loss of consortium was barred by the contributory negligence of the spouse who suffered physical injuries. Loss of consortium was viewed as wholly derivative of and dependent on the negligence cause of action. *See* W. Prosser, Handbook of the Law of Torts § 125, at 892 (4th ed. 1971). Comparative negligence has now replaced the rule of contributory negligence in Alaska. *Kaatz v. State,* 540 P.2d 1037 (Alaska 1975). *Kaatz* may be seen as a part of a national trend. As of 1977, two-thirds of the states, and the federal government, had abandoned the rule of contributory negligence and adopted some sort of comparative fault system.[1] Since the partial defense of comparative negligence has replaced the complete defense of contributory negligence, and since contributory negligence of the physically injured spouse was a bar to the other's claim for loss of consortium, it seems entirely logical to apply the partial defense of comparative negligence to such a claim. Thus far at least four jurisdictions have done this. *Ferguson v. Ben M. Hogan Co.,* 307 F.Supp. 658, 665 (W.D.Ark.1969), *following Nelson v. Busby,* 246 Ark. 247, 437 S.W.2d 799, 803 (1969); *Hamm v. City of Milton,* 358 So.2d 121, 123 (Fla.Dist.Ct.App.1978); *Abbate v. Big V Supermarkets, Inc.,* 95 Misc.2d 483, 407 N.Y.

1. *See* Commissioner's Prefatory Note, Uniform Comparative Fault Act, 12 U.L.A. Civil Procedure and Remedial Laws 26 (1978 pocket part).

S.2d 821 (App.Div.1978) (applying statute); *Meyer v. State*, 92 Misc.2d 996, 403 N.Y.S.2d 420, 427 (Ct.Cl.1978); *White v. Lunder*, 66 Wis.2d 563, 225 N.W.2d 442, 449 (1975). *See also Hasson v. Ford Motor Co.*, 19 Cal.3d 530, 138 Cal.Rptr. 705, 564 P.2d 857, 871 (1977). Only one court has permitted full recovery. *Macon v. Seaward Construction Co., Inc.*, 555 F.2d 1, 2 (1st Cir. 1977) (applying New Hampshire law) ("We do not reach this result with positive assurance." *Id.* at 3).

Before contributory negligence was replaced by comparative negligence most commentators criticized the application of the bar of contributory negligence to a claim for loss of consortium, *see* Prosser, *supra* at 892–3; they did so almost as unanimously as the courts applied it. *See e. g., Ross v. Cuthbert*, 239 Or. 429, 397 P.2d 529, 530 (1964). At least one court, acting in a contributory negligence jurisdiction, has recently allowed full recovery for loss of consortium despite the contributory negligence of the physically injured spouse. *Handeland v. Brown*, 216 N.W.2d 574, 579 (Iowa 1974). We are, however, aware of no general criticism of application of the partial defense of comparative negligence to claims for loss of consortium.

■ We believe that it is just to apply the proportion of fault of the injured spouse to the other's damages for loss of consortium. The fact that each spouse is equal and independent and suffers a personal loss when the other is injured, does not alter the fact that the basis for recovery for loss of consortium is "interference with the continuance of a healthy and happy marital life" and "injury to the conjugal relation." *Schreiner*, 519 P.2d at 465, 466. As we recognized in *Kaatz*, 540 P.2d at 1047, the loss resulting from an accident is best distributed among those whose negligence caused it in proportion to the fault of each of them. If this ideal were applied to this case Eggert would bear 85% of Helen Working's loss, and Donavon Working 15%. It is true, technically, that this result is not achieved by reducing, as we do here, Helen Working's recovery, and the amount that Eggert must pay, by 15%. It is, however, very close to the same thing, because the evidence is clear that the Workings are in effect, if not in law, an economic unit. That, it seems to us, is likely to be the case in most instances where substantial loss of consortium damages are suffered.

In accordance with the foregoing the judgment should be modified by reducing Helen Working's recovery by 15%. As modified, the judgment is affirmed.

BURKE, J., not participating.