**Thomas Edward CRAWFORD, Joseph Crawford and Jeanet M. Crawford, Plaintiffs-Appellants,**

v.

**George Patrick HEABERG, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Jan. 31, 1986.

Permission to Appeal Denied by Supreme Court April 21, 1986.

Hughie Ragan and George Morton Googe, Jackson, for plaintiffs-appellants.

Edward G. Bryant, Waldrop, Farmer, Breen & Bryant, Jackson, for defendant-appellee.

MATHERNE, Retired Judge.

The issue is the proper number of peremptory challenges allowed under Section 22-3-105, Tennessee Code Annotated, where three separate and independent lawsuits were consolidated for trial by jury.

The lawsuits involve a rear-end collision wherein the defendant Heaberg drove his vehicle into the rear of a vehicle being driven by the plaintiff Jeanet Crawford. The plaintiff, Thomas Crawford, son of Jeanet Crawford, was a passenger in the Crawford vehicle. The plaintiffs, Thomas Crawford and Jeanet Crawford, each filed a separate lawsuit against the defendant Heaberg seeking damages for personal injuries. The plaintiff, Joseph Crawford,

filed his separate lawsuit against the defendant Heaberg seeking damages for repairs to his automobile which was being driven by the plaintiff, Jeanet Crawford, his wife, and for damages due to medical bills incurred by him for his wife and for loss of consortium. Separate Answers were filed in each lawsuit.

By consent of the parties the three separate lawsuits were consolidated for trial by jury. On the *voir dire* the plaintiffs had exhausted four peremptory challenges and asserted an additional, or fifth, peremptory challenge to prospective juror Bowman. The trial judge disallowed the fifth peremptory challenge on the ground that the plaintiffs were entitled to only four peremptory challenges.

In Tennessee challenges to a prospective juror may be either peremptory or for cause. The right to challenge peremptorily is the right to exclude the prospective juror without assigning any reason for so doing. The number of peremptory challenges allowed in civil cases is governed by T.C.A. Section 22–3–105, which provides:

Peremptory challenges—Effect of consolidation of cases.—(a) Either party to a civil action may challenge four (4) jurors without assigning any cause. (b) In the event there is more than one (1) party plaintiff or more than one party defendant in a civil action, four (4) additional challenges shall be allowed to such side or sides of the case; and the trial court shall in its discretion divide the aggregate number of challenges between the parties on the same side which shall not exceed eight (8) challenges to the side regardless of the number of parties. Even when two (2) or more cases are consolidated for trial purposes, the total challenges shall be eight (8), as herein provided. (c) If a party is both a plaintiff and a defendant, that party is considered one (1) party for the purpose of this section.

Additional provisions relating solely to alternate jurors are covered by Rule 47.02, Tennessee Rules of Civil Procedure, which is not at issue in this lawsuit.

We fail to find a reported Tennessee decision on the precise question here presented. Some decisions have been rendered under a previous statute which stated: "Either party to a civil action tried in the Courts of this state, may challenge two jurors without assigning any cause." Under that statute the courts apparently distinguished a case where multiple persons sued, or were sued, in a single lawsuit, from those cases where several separate lawsuits were consolidated for trial.

In *Kunk v. Howell*, (1956) 40 Tenn.App. 183, 289 S.W.2d 874, a three-car collision resulted in the death of the driver of one of the vehicles. The parents of the decedent joined together in one lawsuit brought against the other two drivers. The *Kunk* court held that the two defendants were to be allowed a total of only two peremptory challenges.

Under the same statute, the same result was reached in *Blackburn v. Hays*, (1867) 44 Tenn. 227, where the court held that multiple defendants in one lawsuit were entitled to a total of two peremptory challenges, rather than two each.

However, in *Southern R. Co. v. Edwards & McMurray* (1911) Court of Civil Appeals, 2 Higgins 125 (certiorari denied by the Supreme Court), five separate lawsuits, brought against the defendant railroad company for damages resulting from one fire, were by agreement consolidated for trial by jury. Applying the same statute, the court stated:

We are of the opinion that the consolidation of separate and independent actions for the purpose of trial will not affect the right of each party to the number of peremptory challenges to which they would have been entitled had there been separate trials.

Admittedly, the statute has been changed and now reads as set out at T.C.A. Section 22–3–105. In the case at bar there was an agreed consolidation of three separate and distinct lawsuits, and we restrict our holding to that type situation.

Of course, the individual plaintiffs would not be allowed the same number of challenges (four) to which they would have been entitled had there been separate trials, because the statute expressly limits the total number of peremptory challenges to eight under the situation presented.

The defendant argues that error in the allowance of peremptory challenges does not justify reversal if a competent jury is finally seated. This argument is well taken insofar as errors in the method or procedure followed by the trial judge is concerned. It has been held that where those who actually serve as jurors are not shown to be legally incompetent or otherwise disqualified for cause, errors in the procedure or method by which the trial judge permitted the assertion or exhaustion of peremptory challenges have usually been deemed harmless and not to require a reversal. *State v. Simon,* (Tenn.1982) 635 S.W.2d 498; *Mahon v. State,* (1912) 127 Tenn. 535, 156 S.W. 458; *Kunk v. Howell, supra.*

In the case at bar, however, we are not faced with a situation wherein error is directed to the procedure or method used by the trial judge in allowing peremptory challenges. Here, we deal with a situation where the plaintiffs were *denied* the number of peremptory challenges to which they were entitled. The statute plainly states that "four additional challenges *shall be allowed,*" and that where two or more cases are consolidated for trial the total challenges *"shall be eight (8) ..."* (Emphasis added)

Under the plain verbiage of the statute, we hold that the plaintiffs in these three lawsuits, consolidated for trial, are entitled to a total of eight peremptory challenges to their side, to be divided among them as the trial judge deems appropriate.

Other issues for review are presented, however, we find the issue above decided to be dispositive of this appeal, and a new trial must be granted. We, therefore, do not rule on other issues presented by the parties.

The judgment of the trial court is reversed, and this cause is remanded to the trial court for a new trial. All costs accumulated to date in the trial court and in this court are adjudged against the defendant-appellee for which execution may issue, if necessary.

TOMLIN and HIGHERS, JJ., concur.