752 P.2d 504

**Leta QUADRONE, Plaintiff/Appellant,**

v.

**PASCO PETROLEUM CO., INC., an Arizona corporation, Defendant/Appellee.**

**No. 2 CA–CV 87–0143.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 10, 1987.

Review Denied June 24, 1988.

Rabinovitz & Associates by Bernard I. Rabinovitz and Gary M. Israel, Tucson, for plaintiff/appellant.

Browder & Kenney by Edward A. Kenney and Robert W. Browder, Phoenix, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

On January 18, 1984, Sam Quadrone was injured when he slipped and fell at a gas station owned by appellee. His suit filed May 9, 1984, was joined by appellant, his wife, who sought damages for loss of consortium. By stipulation of the parties the suit was dismissed without prejudice on August 29, 1984, so that it could be refiled on August 31, 1984, the effective date of Arizona's comparative negligence statutes, A.R.S. §§ 12–2501 to 2509.

The matter proceeded to trial on January 13, 1987. During its deliberations, the jury sent a note to the judge asking if the percentage of contributory negligence attributed to Sam also applied to Leta's award for loss of consortium. After discussion with counsel, the court sent the following reply: "The answer to the question is a legal matter for the Court to

decide and you need not concern yourselves with it in reaching your verdict."

On January 16, 1987, the jury awarded Sam Quadrone $40,000 and appellant Leta Quadrone $20,000. It further found Sam Quadrone 40% negligent and Pasco 60% negligent. The court then entered judgment for Sam Quadrone in the amount of $24,000. Finding in its minute entry that Leta Quadrone's loss of consortium claim "is a derivative claim of her husband's injury claim" and thus "should be reduced in accordance with the percentage of fault attributed to plaintiff, Sam Quadrone," the court reduced her award by 40% to $12,000.

■ The issue on appeal, one of first impression in Arizona, is whether the court erred in reducing Leta Quadrone's loss of consortium award by the percentage of fault attributed to her husband.

Relying heavily on the California case of *Lantis v. Condon,* 95 Cal.App.3d 152, 157 Cal.Rptr. 22 (1979), appellant argues that loss of consortium is an independent claim and, as such, should not be affected by the contributory negligence of the spouse. In *Lantis* the appellate court reversed the trial court's reduction of the spouse's award, holding that:

> [T]he injury incurred can neither be said to have been "parasitic" upon the husband's cause of action nor can it be properly characterized as an injury to the marital unit as a whole. Rather, it is comprised of Anne's own physical, psychological and emotional pain and anguish which results when her husband is negligently injured to the extent that he is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life.

Id at 157, 157 Cal.Rptr. at 24 (citations omitted).

Appellee, in turn, argues that loss of consortium is a wholly derivative claim dependent upon the injured spouse's cause of action and, as such, cannot be insulated from the injured spouse's negligence. To date, the majority of states addressing this issue uphold reduction of the loss of consortium award, and the majority of those

adopt the reasoning urged by appellee. For a discussion of some of those cases, see Annot., 25 A.L.R. 4th 118 (1983). Division One of this court, in a somewhat related case, recently adopted the derivative approach, holding:

> Although the survivors' injuries might, at least in part, be physical in nature, those injuries were not sustained in the accident. Rather, they were sustained as a result of the bodily injury or death suffered by the person actually involved in the accident. The injuries are derivative from those suffered by the victim.

*Campbell v. Farmers Insurance Co.,* 155 Ariz. 102, 103, 745 P.2d 160, 161 (App. 1987). However, in an unrelated case, our supreme court has held that "the claim for loss of consortium is personal to the spouse of the injured person." *Bain v. Superior Court,* 148 Ariz. 331, 335, 714 P.2d 824, 828 (1986).

Despite the weight of authority, legal commentators have long questioned this more traditional approach and, indeed, lean on the side urged by the appellant. See, for example, 4 F. Harper and F. James, *The Law of Torts,* § 23.8 at p. 443 (2d ed. 1986); *Prosser and Keaton on Torts,* § 125 at p. 931 (5th ed. 1984). In regard to the emergent split in authority, one treatise noted:

> The conflict that appears to be developing in the cases ... suggests the need for basic explanations, of which there has been something of a shortage. Courts have commonly said that the consortium action is derivative and must fall with the main claim, but as they could as well have said that it was independent, this sounds more like a conclusion than a reason.... But it must also be observed that the label "independent action" for the consortium claim is equally a conclusion.... In the end the reasons for adopting one line of cases or another may turn less on logic than on perceptions of social needs and justice to the parties....

*Prosser and Keaton on Torts,* supra, at 938–39.

While most courts upholding reduction of loss of consortium awards focus on the derivative nature of the claim, we find it

more compelling and logical to focus on the nature of comparative negligence and the principle behind its adoption. Also adopting this approach are courts in Pennsylvania, *Scattaregia v. Shin Shen Wu*, 343 Pa.Super. 452, 495 A.2d 552 (1985); Idaho, *Runcorn v. Shearer Lumber Products, Inc.*, 107 Idaho 389, 690 P.2d 324 (1984); and Alaska, *Eggert v. Working*, 599 P.2d 1389 (Alaska 1979).

Prior to August 31, 1984, Arizona followed the common law rule that a plaintiff's contributory negligence, however slight, constituted a complete defense and barred the plaintiff from any recovery. *Muhammad v. United States*, 366 F.2d 298 (9th Cir.1966); *Tinker v. Hobbs*, 80 Ariz. 166, 294 P.2d 659 (1956). To mitigate the harshness of this rule, Arizona adopted the Uniform Contribution Among Tortfeasors Act, A.R.S. §§ 12–2501 to 2509, which provides that "[t]he relative degree of fault of the claimant ... and the relative degrees of fault of the defendants ... shall be determined and apportioned as a whole ... by the trier of fact." A.R.S. § 12–2506. Underlying the statute is the principle that it is unjust to place the entire burden of loss on one party where that party was only partially at fault. See *Cheney v. Superior Court*, 144 Ariz. 446, 698 P.2d 691 (1985).

During the reign of the common law rule, all states which addressed the issue held that a claim for loss of consortium was completely barred by the injured spouse's contributory negligence. *Runcorn v. Shearer Lumber*, 107 Idaho at 394, 690 P.2d at 329; see also Annot., 21 A.L.R. 3d 469 (1968). That is also the rule in the Restatement (Second) of Torts, § 494. Although no Arizona courts have directly addressed the issue, we can safely assume that, had the issue been raised, Arizona would have followed the common law and Restatement rule. It is entirely consistent and logical, therefore, that if contributory

negligence under the old rule would have completely barred appellant's recovery for loss of consortium, then contributory negligence under the new comparative negligence rule should reduce her recovery for loss of consortium.[1] In *Eggert v. Working* the Alaska court held:

> We believe that it is just to apply the proportion of fault of the injured spouse to the other's damages for loss of consortium. The fact that each spouse is equal and independent and suffers a personal loss when the other is injured, does not alter the fact that the basis for recovery for loss of consortium is "interference with the continuance of a healthy and happy marital life" and "injury to the conjugal relation." *Schreiner* [*v. Fruit*] 519 P.2d [462] at 465, 466 [ (Alaska 1975) ]. As we recognized in *Kaatz* [*v. State*] 540 P.2d [1037] at 1047 [ (Alaska 1975) ], the loss resulting from an accident is best distributed among those whose negligence caused it in proportion to the fault of each of them. If this ideal were applied to this case Eggert would bear 85% of Helen Working's loss, and Donavon Working 15%. It is true, technically, that this result is not achieved by reducing, as we do here, Helen Working's recovery, and the amount that Eggert must pay, by 15%. It is, however, very close to the same thing, because the evidence is clear that the Workings are in effect, if not in law, an economic unit. That, it seems to us, is likely to be the case in most instances where substantial loss of consortium damages are suffered.

599 P.2d at 1391.

In the case at bar appellee was 60% negligent. It follows that it should only be responsible for 60% of all the total damages caused by the combined negligence of appellee and Sam Quadrone. We hold that the trial court was correct in reducing appellant's award by 40%.

---

**1.** The theory of recovery advanced by the wife here is that defendant's duty not to risk injuring the husband extends to her as one foreseeably injured in her relationship by the direct physical injury to her husband. If Pasco owes that duty to her, it would seem logical that the same duty was owed by her husband to her. He should not negligently injure himself because of the foreseeable damage to his relationship with his wife. If that is so, then he is a joint tortfeasor with Pasco as respects his wife's injury. As such, if Pasco were required to pay the whole award to the wife, it could seek contribution from the husband—perhaps as a set off against the award received by the husband. This would, of course, cause the same result for Pasco as occurred in this case.

**418**

Appellant next assigns as error the court's having taken away from the jury the question of whether the contributory negligence of her husband applied to her award. First, it should be noted that no objection to the note the court sent to the jury appears on the record. The record reveals only that the judge conferred with counsel and the note to the jury followed. Second, even in appellant's Objection to Judgment no direct objection was raised. Rather, it is raised for the first time in the appellate briefs. Even if the objection were timely raised, however, it has no merit. Although there is ample support for appellant's contention that "Contributory negligence as would deprive plaintiff of the right of recovery was, and still is, a question for the jury," *Cheney v. Superior Court,* 144 Ariz. at 448, 698 P.2d at 693, appellant's fault is not at issue. At no time was appellant accused of being contributorily negligent. Rather, the issue the court withheld from the jury dealt with the effect appellant's husband's fault would have on her award. The court was correct, therefore, in advising the jury that the question was strictly a legal one and beyond its purview.

Finally, appellant argues that reduction of her award contravenes Article 2, Section 31 of Arizona's Constitution, which prohibits any law from being enacted that limits the amount of damages recoverable for injury or death. However, Article 18, Section 5 of our constitution also recognizes that recovery for damages can be limited because of contributory negligence. Further, in *City of Phoenix v. Superior Court,* 149 Ariz. 143, 717 P.2d 447 (1986), our supreme court held that Arizona's comparative negligence statute did not violate the constitution. Appellant's contention therefore is without merit.

Affirmed.

ROLL and FERNANDEZ, JJ., concur.