BILLY RAY LONG and VICKY LONG,  )
                                              )    **Davidson Circuit**

      **Plaintiffs/Appellants,**        )    **No. 96C-363**

                                              )

**VS.**                                    )

                                            )    **Appeal No.**

**LANDMARK TELEVISION OF TENNESSEE,** )    **01A01-9709-CV-00483**
**INC., and JAMES E. NORTON, Individually,** )

                                            )

      **Defendants/Appellees,**        )

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE DAVIDSON COUNTY CIRCUIT COURT
### AT NASHVILLE, TENNESSEE

### HONORABLE WALTER C. KURTZ, JUDGE

FILED

June 16, 1998

Cecil W. Crowson
Appellate Court Clerk

James L. Harris, #14173
2400 Crestmoor Road
Nashville, Tennessee 37215
ATTORNEY FOR PLAINTIFFS/APPELLANTS

Leilani Boulware, #15656
HARWELL, HOWARD, HYNE, GABBART & MANNER, P.C.
1800 First American Center
315 Deaderick Street
Nashville, Tennessee 37238
ATTORNEY FOR DEFENDANTS/APPELLEES

## AFFIRMED AND REMANDED

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

BEN H. CANTRELL, JUDGE
WILLIAM B. CAIN, JUDGE

| BILLY RAY LONG and VICKY LONG, | ) | |
|---|---|---|
| | ) | **Davidson Circuit** |
| Plaintiffs/Appellants, | ) | **No. 96C-363** |
| | ) | |
| VS. | ) | |
| | ) | **Appeal No.** |
| LANDMARK TELEVISION OF TENNESSEE, | ) | **01A01-9709-CV-00483** |
| INC., and JAMES E. NORTON, Individually, | ) | |
| | ) | |
| Defendants/Appellees, | ) | |

# O P I N I O N

The captioned plaintiffs have appealed from a summary dismissal of their joint suit against the employer of Mr. Long and his superior for alleged emotional injury resulting from verbal and physical harassment of Mr. Long by said supervisor.

The complaint, filed on January 29, 1996, alleges in pertinent part:

> 5. That from 1988 until on or about July 21, 1995 Plaintiff did endure verbal and physical harassment from Defendant James E. Norton, his Supervisor. That James E. Norton, as agent of Defendant Company, was acting in the course and scope of his employment when these acts were committed upon Plaintiff. Specifically, the acts committed upon Plaintiff by Defendant's agent, James E. Norton, were that Mr. Norton would continuously grab the Plaintiff on certain areas of his body with the intention of abusing him because of his obesity. That these acts would take place in front of fellow employees and caused Plaintiff to have severe embarrassment, humiliation, and emotional distress. That Plaintiff complained to Management Officials about Defendant James E. Norton's behavior, but such behavior continued.

> 6. That as a result of this continuing verbal and physical harassment Plaintiff had to take medical leave of absence from work.

> 7. As a direct result of the Defendant's actions in maliciously, wilfully, wantonly and total disregard of Plaintiff's rights, Plaintiff has suffered, and will in the future for an indefinite period of time, or permanently, continue to suffer from having endured the Defendant, James E. Norton's actions.

> 8. The above mentioned acts of Defendant, James E. Norton, are a direct and proximate cause of injuries sustained by Plaintiff.

- - - -

-2-

10. As a direct and proximate result of the intentional acts of Defendants, Plaintiff Vicky Long has sustained emotional stress and suffering caused by seeing her husband, Billy Ray Long, suffer serious pain and suffering due to the injuries he received as a direct result of the intentional acts of Defendant's agent.

11. As a direct and proximate result of the intentional acts of Defendants, Plaintiff Vicky Long lost for a period of time the services, companionship, consortium, and society of Billy Ray Long to which she is entitled as his Wife, thus Defendants are liable to the Plaintiff, Vicky Long for the aforesaid loss.

- - - -

13. Plaintiff further charges that the intentional acts of defendants in verbally and physically harassing Plaintiff amounted to negligent infliction of emotional distress. That Defendant, Landmark Television of Tennessee, Inc. had a duty to supervise and control the actions of its employee, James E. Norton, and that by failing to supervise or control Defendant James E. Norton did breach that duty of care causing Plaintiff's injuries and losses.

The joint answer of the defendants asserts that the complaint fails to state a claim for which relief can be granted and that the claim is barred by the statute of limitations.

The defendants' joint motion for summary judgment states:

There are no genuine issues of material fact with regard to the plaintiffs' sole claim, that intentional verbal and physical harassment of plaintiff Billy Ray Long amounted to negligent infliction of emotional distress. Plaintiffs' claims are time-barred because, by plaintiffs' own admission, the alleged harassment of plaintiff Billy Ray Long terminated more than a year before plaintiffs filed the present claim. Regardless, Tennessee's workers compensation statute bars plaintiffs' claims.

The record contains the affidavit of Mr. Long which states:

Although the physical touching stopped in August 1994, the mental harassment continued well into July and August 1995.

- - - -

That --- until July or August 1995 Norton continues to comment about my hair and weight in front of other employees causing me extreme embarrassment and humiliation.

T.C.A. § 28-3-104 limits actions for injury to the persons to one year after the injury. In view of the sworn admission of Mr. Long that the last touching of his body occurred more than one year before his suit was filed, plaintiffs' claims for bodily injury require no further discussion.

This leaves only their claim for emotional distress and "loss of services."

*Laxton v. Orkin Exterminating Co.*, Tenn. 1982, 639 S.W.2d 431, affirmed a jury verdict and judgment in favor of homeowners because of fears for safety of themselves and children after drinking water which was negligently contaminated by defendant, although no physical damage was sustained.

In *Medlin v. Allied Inv. Co.*, 217 Tenn. 469, 398 S.W.2d 270 (1966), it was held that where recovery is sought for mental or emotional disturbance alone, unconnected with any other actionable tort or ascertainable injury, the conduct of the defendant must be outrageous, and must produce serious mental injury.

In *Swallows v. Western Electric Co.*, Tenn. 1976, 543 S.W.2d 581, it was held that "outrageous conduct" must be so extreme in degree, as to be beyond the pale of decency, and to be regarded as atrocious and utterly intolerable in civilized society, and the conduct must result in serious injury.

In *Dunbar v. Strimas*, Tenn. App. 1981, 632 S.W.2d 558, the complaint stated that an acting county medical examiner was informed that the plaintiff was suffering from a nervous breakdown, nevertheless reported to plaintiff that the body of her 19 month old infant child bore evidence of sexual abuse and suffocation, and that "everybody would have to be questioned." It was held that a case of "intentional or reckless infliction of severe emotional distress" was stated by the complaint.

-4-

In *Johnson v. Woman's Hospital*, Tenn. App. 1975, 527 S.W.2d 133, the hospital and doctor were sued for breach of contract and outrageous conduct by delivering a premature baby, certifying a live birth and a subsequent death and thereafter displaying the body in a jar of formaldehyde. This Court affirmed a jury verdict and judgment against the hospital for compensatory and punitive damages for outrageous conduct, citing *Medlin,* supra., but reversed both recoveries against the doctor. It was also held that punitive damages may not be awarded for breach of contract.

In *Knoxville Traction Co. v. Lane*, 103 Tenn. 376, 535 S.W. 557, 46 LRA 549 (1899), an award of damages to a passenger on a street car who was insulted by the operator was affirmed on the grounds of the obligation of the defendant as a common carrier.

In *Colsher v. Tenn. Electric Power Co.*, 19 Tenn. App. 166, 84 S.W.2d 117 (1935), a directed verdict for the defendants was affirmed where representatives of the power company were accused of "breaking into" a latticed back porch to examine the electric meter as permitted by utility regulations, and the only injury alleged was mental and emotional.

From all of the foregoing, this Court concludes that neither the defendant employer nor its supervisor were liable to either of the plaintiffs for physical harm because of the bar of the statute of limitations, that the relationship of employer and employee is contractual and does not include the right to sue for tortious misconduct, that the Workers Compensation Law provides the only remedy for tortious misconduct involving employment, and that the undisputed facts of this case negative any remedy for "outrageous conduct." The relationship of employer and employee is one of contract, and the behavior of the supervisor does not qualify as "outrageous." The rights of the wife of the employee in this case depend upon the rights of her husband and cannot prevail where the husband does not prevail. *Tuggle v. Allrite Parking Systems, Inc.*, Tenn. 1996, 922 S.W.2d 105.

The judgment of the Trial Court is affirmed.  Costs of this appeal are taxed against the plaintiffs.  The cause is remanded to the Trial Court for necessary further proceedings.

-6-

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCURS:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM B. CAIN, JUDGE