503 P.2d 803

CITY OF GLENDALE, a political subdivision of the State of Arizona, Appellant and Cross-Appellee,

v.

Glen BRADSHAW, By and Through Corena BRADSHAW, Guardian of the Person and of the Estate of Glen Bradshaw, an Incompetent, and Corena Bradshaw, his wife, Appellees and Cross-Appellants.

No. 10832–PR.

Supreme Court of Arizona, In Banc.

Nov. 27, 1972.

Rehearing Denied Dec. 19, 1972.

Jack M. Anderson, John S. Schaper, Phoenix, attorneys for appellant and cross-appellee.

Divelbiss & Gage, by G. David Gage, Phoenix, for appellees and cross-appellants.

J. LaMar Shelley, Mesa, Snell & Wilmer, by Mark Wilmer, Phoenix, for amicus curiae, League of Arizona Cities and Towns.

LOCKWOOD, Justice:

We accepted this petition for review to decide the sole issue of whether a wife can recover for loss of consortium when her husband is injured by the negligent act of a third person.

On February 23, 1969 Veryl Evelyn Fandrey was driving her car north on 55th Avenue in the City of Glendale. One of the plaintiffs, Glen Bradshaw, was a passenger in the automobile. At the intersection of 55th Avenue and Royal Palm Road there was an unmarked dirt mound constructed by the City of Glendale. Fandrey did not see the mound and her vehicle struck it, flew into the air, and hit the ground with great force.

The plaintiff as a result of the accident sustained severe brain damage, the loss of the sight of one eye and lacerations and abrasions covering his face and body. Glen Bradshaw, by and through Corena Bradshaw, his wife and guardian, brought suit against the City of Glendale and Veryl Evelyn Fandrey for his injuries. Mrs. Bradshaw also brought suit in her own behalf for her loss of her husband's consortium, including his care, companionship, guidance and other marital rights.

A verdict was returned by the jury against both defendants in the amount of $280,000 for actual damages to Mrs. Bradshaw. Mrs. Bradshaw's claim for damages arising out of the loss of consortium was dismissed. An appeal was filed by the City of Glendale and a cross-appeal was filed by Mrs. Bradshaw for her own claim. The Court of Appeals affirmed all portions of the jury verdict. We hold that the judgment of the Superior Court pertaining to the liability of each defendant is affirmed. However, that portion of the judgment which denied Mrs. Bradshaw's claim for loss of consortium is reversed. That portion of the Court of Appeals' opinion affirming the judgment as to denial of Mrs. Bradshaw's claim is vacated. City of Glendale v. Bradshaw, 16 Ariz. App. 348, 493 P.2d 515 (1972), rehearing denied, 16 Ariz.App. 483, 494 P.2d 383 (1972), affirmed in part and reversed in part.

In a case decided in 1954 this court embraced the common law rule prohibiting recovery by the wife for loss of consortium. Jeune v. Del E. Webb Const. Co., 77 Ariz. 226, 269 P.2d 723 (1954). The question we are presented with today is whether we should now overrule that decision. Examination of the historical origins of the common law rule is essential to the disposition of that question.

The common law rule granting a right of consortium to the husband but denying it to the wife, reflected the same attitude as existed with regard to rights of married women. Upon marriage, the husband and wife became one, for many purposes, and the husband was that one.

"By marriage, the husband and the wife are one person in the law; that is the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband: under whose wing, protection, and cover, she performs everything. Upon this principle, of a union of person in husband and wife, depend almost all the legal rights, duties, and disabilities, that either of them acquire by the marrige." 1 Blackstone, Commentaries * 430.

It is not surprising then that the law recognized the husband's right to the wife's services, affection and companionship and permitted recovery against third persons when that right was interfered with. This rule persisted in the courts until changes in married women's rights began to come about and many states adopted the Married

**584**

Woman's Property Act. See A.R.S. § 25–214, as amended.

At the present time at least twenty-six states[1] and the District of Columbia have granted wives the right to sue for loss of consortium for the negligent injury of their husbands.

"We have been unable to disclose any substantial rationale on which we would be willing to predicate a denial of the wife's action for loss of consortium due to a negligent injury to her husband." Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811 at 813 cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950), (overruled in part on other issues), Smither & Co., Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, cert. denied, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1429 (1957).

We are in agreement with this line of authority.

"When we find that the common law or 'judge-made law' is unjust or out of step with the times, we have no reluctance to change it." Lueck v. Superior Court, 105 Ariz. 583, 469 P.2d 68, 70 (1970).

See also, Stone v. Arizona Highway Comm'n., 93 Ariz. 384, 381 P.2d 107 (1963). Therefore, that portion of Jeune v. Webb Constr. Co., supra, denying the right of consortium to the wife is overruled.

It is urged that a problem of double recovery may exist, particularly in a community property state. We are not persuaded in the least that the problem of double recovery exists. A wife or a husband is entitled to participate in any recovery by the other spouse for a personal injury because recovery of personal injuries is always community property. The only relevant consideration in determining whether there is a double recovery is to insure that each element of the damages is separate and distinct from all others.

"When he is negligently injured the husband's damages are for medical and other expenses incurred, his pain and suffering, loss of earning power for the time he is incapacitated, out of which he is to support and care for his wife and family and for the deprivation of his right to the consortium of his wife during that time; we see no double recovery if the wife is allowed damages for the loss of the 'society, companionship, conjugal affections and assistance of the other,' the so-called sentimental elements of consortium, to which each has the right." Hoekstra v. Helgeland, 78 S.D. 82, 107, 98 N.W.2d 669, 682 (1959).

Finally, it is argued that because there is not a reported judicial decision in Arizona recognizing the right of consortium for the husband it does not exist in Arizona. It is further contended, that even if the right was declared to exist in Arizona it would be more logical to abolish the right of consortium for the husband than to grant the right to the wife. We do not agree.

We view it as highly significant that Arizona has recognized the interest of consortium as a viable interest in suits for alienation of affections, intentional giving of intoxicating liquors, and indirectly in our wrongful death statute. See Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147 (1940); McNelis v. Bruce, 90 Ariz. 261, 268, 367 P.2d 625, 629–630 (1961); A.R.S. § 12–612. In view of these precedents we are of the opinion that ignoring the right of consortium for negligence actions would be paradoxical.

Remanded for determination of the amount of damages to be accorded to Mrs. Bradshaw.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.

---

1. Arkansas, Colorado, Delaware, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kentucky, Maryland, Michigan, Minnesota, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, Ohio, Oregon, Rhode Island, South Dakota and Wisconsin.