[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case comes before the court on the defendants' motion to strike the claims of the plaintiffs on a variety of grounds, including the claim that there is no cause of action in Connecticut for loss of parental consortium, either ante mortem or post mortem.
The amended complaint is brought by each of the six children of Abdullah Shabazz and Chandra Shabazz seeking to recover for the loss of their parents' society, affection, moral support, services and companionship resulting from injuries to their father and injuries and ensuing death of their mother in an automobile collision on October 24, 1991.
Christian Shabazz, Malcolm Shabazz, Evan Shabazz, Darius Shabazz, Isaac Rush and Michael Sistrunk, as minors, bring their claims through their father and next friend, Abdullah Shabazz, seeking both economic and noneconomic damages arising from injuries to their parents and the death of their mother.
Abdullah Shabazz seeks in Count 13 to recover for the expenses of medical treatment and counselling which he has incurred on behalf of his minor children with regard to their mental distress and medical expenses for counselling and therapy.
The plaintiffs claim in the first through the thirteenth counts of their amended complaint that their damages were caused by the negligence of the defendant driver in operating a motor vehicle. In Count Fourteen, they allege statutory grounds for liability, specifically 14-218a, -222, and -227a C.G.S., and they CT Page 4176 seek double or treble damages for these statutory violations pursuant to 14-295 C.G.S.
This case has been consolidated by order of the court with Shabazz v. Price, Civil No. 93-0353764, in which Abdullah Shabazz and Michael Sistrunk assert claims for injuries and the estate of Chandra Shabazz seeks recovery for wrongful death.
I. STANDARD OF REVIEW
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). The motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations are to be given the same favorable construction as a trier of fact would be required to give in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138, 142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465,471 (1991); Ferryman v. Groton, 212 Conn. 138, 146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v. Peoples's Bank,219 Conn. 465, 471; Senior v. Hopes, 156 Conn. 92, 97-98 (1968).
Each of the grounds asserted in the defendants' motion to strike is addressed separately below.
II. EXISTENCE OF A CAUSE OF ACTION FOR LOSS OF CONSORTIUM ARISING FROM THE DEATH OF A PARENT
Through the issue of the existence of a cause of action for loss of parental consortium caused by injury to the parent that either occurs before death or does not end in death stands on a different footing, as discussed below, it is clear that Connecticut does not recognize a cause of action for loss of consortium caused by the death of a parent.
Historically, at common law, a cause of action in tort did not survive the victim, and dependents of a deceased victim had no cause of action of their own. Prosser and Keeton on Torts (5th ed. 940, 945-6 (1984). In order to end the anomaly that it was cheaper for a defendant to kill a plaintiff then to injure him; see Prosser, supra, at 945; and to recognize the injury to dependents, CT Page 4177 most jurisdictions enacted survival statutes of various types, with various limitations on the scope of recovery. id.
The Connecticut Supreme Court has repeatedly held that in Connecticut, where Lord Campbell's Act has not been the model, damages resulting from death are recoverable only to the extent that they are made so by statute. Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 295 (1993); Ladd v. Douglas Trucking Co., 203 Conn. 187,196-97 (1987); Foran v. Carangelo, 153 Conn. 356, 359 (1966). The Connecticut wrongful death statute, 52-555 C.G.S., provides for recovery by the executor or administrator of the estate for damages to the estate, with a focus on damages sustained by the decedent, not by members of the decedent's family. Ladd v. Douglas Trucking Co., 203 Conn. 197.
While 52-555a and -555b C.G.S. recognize a cause of action for loss of spousal consortium, no statute recognizes a child's claim for loss of parental consortium upon the death of a parent. The Supreme Court refused to recognize the existence of a cause of action for loss of parental consortium in a death case in Foran v. Carangelo, supra, in 1966; and the legislature has not expanded the wrongful death statute to create such a cause of action as part of the right of recovery for wrongful death.
Accordingly, the court concludes that no cause of action for post mortem loss of parental consortium now exists, and Counts 2, 4, 6, 8, 10 and 12 of the amended complaint must be stricken for failing to state a legally sufficient cause of action. Despite the limitation imposed by Connecticut's wrongful death statutes, the plaintiffs urge this court to recognize a common law right of children to recover for the loss by death of their parents' companionship and services. Since the right to recover for the consequences of a death is strictly statutory, Foran v. Carangelo,153 Conn. 356, 360, Broughel v. Southern New England Telephone Co.,72 Conn. 617, 620 (1990) the court may not create rights of recovery in this area not authorized by the General Assembly.
The plaintiffs further urge that the General Assembly was constitutionally required to create — and therefore the courts are constitutionally required to recognize — a right of recovery for post mortem loss of consortium for children as a matter of a right to equal protection, since such a right has been legislatively recognized in favor of a spouse.
The plaintiffs do not argue that the legislature, in enacting CT Page 4178 the wrongful death statutes, abrogated by statute a right secured at common law. The right to recover for the consequences of death was not recognized at common law but is wholly statutory, as is indicated above. Instead, the plaintiffs contend that the legislature's failure to provide by statute for a recovery by children for the loss of a parent's companionship and services is unconstitutional.
The right to recover in tort for every injury is not a right of constitutional dimensions, and legislators may limit the situations in which recovery is available or fail to create causes of action if the distinctions they draw have a rational basis. New York Transit Authority v. Beazer, 440 U.S. 568, 99 S.Ct. 1355,59 L.Ed.2d 587 (1979); Dandridge v. Williams, 397 U.S. 471,90 S.Ct. 1183, 25 L.Ed.2d 491 (1970); San Antonio Board of Education v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 135
(1984). Where some other independent right is not at stake, see, e.g., Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 226 Ed.2d 600 (1969); Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 135; and when there is no reason to infer antipathy, Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979), it is presumed that `even improvident decisions will eventually be rectified by the democratic process. . . .' Ibid.," Personnel Administrators of Massachusetts v. Feeney, 442 U.S. 256, 272,99 S.Ct. 2282, 60 L.Ed.2d 870 (1979).
This court does not find that the General Assembly was constitutionally compelled by either the state or federal constitution to create a statutory cause of action for children who suffer the loss through death of parental consortium.
III. EXISTENCE OF A CAUSE OF ACTION FOR LOSS OF CONSORTIUM ARISING FROM ANTE MORTEM INJURIES TO A PARENT
Tort recoveries other than those arising from death are the province, for the most part, of the common law.
The Connecticut Supreme Court has never decided the issue whether a cause of action exists for a minor child to recover damages arising from the loss of a parent's services, companionship and care as a result of injuries caused by another. While the defendants claim that this issue was decided in Taylor v. Keefe,134 Conn. 156 (1947) that case presented a very different claim, that of alienation of affection, and the ruling is restricted to CT Page 4179 the Court's refusal to recognize a child's cause of action against a person who "by his acts, blandishments and seductions alienated [the mother's] love and affection [for her minor son] and destroyed the happiness of the plaintiff's home." Taylor v. Keefe, 134 Conn. 157.
When it reached a claim of a parent's right of recovery for child's companionship and services in Mahoney v. Lensink, 17 Conn. App. 130,141-42 (1988), the Connecticut Appellate Court observed that "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 141
n. 6. In Mahoney, parents alleged a right to recovery for post mortem loss of consortium upon the death of their son. The Appellate Court ruled that "[t]he plaintiffs' claim for loss of consortium fails for the same reason as does their claim for funeral expenses" Mahoney v. Lensink, 17 Conn. App. 141, that is, because the claims were barred, in that case, by the doctrine of sovereign immunity, as claims not specifically authorized against a state official by 17-206k. Since the bar of sovereign immunity was explicitly the basis for the court's upholding the dismissal of the claim for loss of filial consortium, the court's brief observations concerning the source of the right to recover for loss of consortium are only obiter dicta.
The discussion by the Supreme Court in Hopson v. St. Mary's Hospital, 176 Conn. 485, 487 (1979) concerning the basis for a spousal claim of loss of consortium in a case which, in fact, was limited to a spouse's claim, cannot be read as prohibiting any other consortium claim. In Hopson, the Court found unsound the reasons previously given for refusing to recognize a right to recover from loss of the companionship and services of a spouse and found the effect of prior decisions had been "to deny the existence of any harm where harm is most assuredly to be expected." Hopson v. St. Mary's Hospital, 176 Conn. 493. The Court observed that
 It is a well-settled principle of law that a tortfeasor takes his victim as he finds him. Should the victim be married, it follows that the spouse may suffer personal and compensable, though not physical, injuries as a direct result of the defendant's negligence and that such injuries should not go uncompensated. CT Page 4180
id.
The issue before this court is whether the same considerations that led the Supreme Court to recognize in 1979 a right to recover for the losses occasioned by injury to a spouse should likewise lead to recognition of a right of a minor child to recover for losses occasioned by injury to a parent.
The Supreme Courts of at least ten states, including Massachusetts and Vermont, have, since 1980, recognized such a cause of action. The Supreme Judicial Court of Massachusetts, in Ferriter v. Daniel O'Connell's Sons, Inc., 413 N.E.2d 690 (Mass. 1980) recognized a right of recovery for loss of parental consortium and found that the same reasons exist for recognition as exist for the recognition of a right to recovery for loss of spousal consortium. The Supreme Judicial Court stated
 [i]n the courts, "[c]hildren enjoy the same right to protection and to legal redress that others enjoy. Only the strongest reasons, grounded in public policy, can justify limitation or abolition of those rights." Sorenson v. Sorenson, 369 Mass. 350, 359, 339 N.E.2d 907, 912 (1975). Here such a countervailing policy is wanting.
Ferriter v. Daniel O'Connell's Sons, Inc., 413 N.E.2d 695.
The Court in Ferriter rejected such claimed countervailing consideration as multiplicity of suits, purported remoteness of damages and dangers of redundant recovery, id. When the Supreme Court of another neighboring state recognized this right of recovery in Hay v. Medical Center Hospital, 496 A.2d 939 (Vt. 1985), it observed that the reasons to recognize such a right are perhaps even more compelling as to, children than as to spouses. The Vermont Supreme Court noted that while an adult could find another companion, a child is in a "uniquely difficult position to make up for the loss of a parent" and is therefore in particular need of compensation for deprivation of the usual services of a parent. Hay v. Medical Center Hospital, 496 A.2d 942.
In addition to our neighboring states, many other states have recognized a right of recovery for parental consortium. See, e.g., Belcher v. Goins, 400 S.E.2d 830 (W.Va. 1990); Nulle v. Gillette-Campbell City Jt. Powers Fire Board, 797 P.2d 1171 (Wyo. 1990); CT Page 4181 Reagan v. Vaughn, 804 S.W.2d 463 (Tex. 1990); Villareal v. State Dept. of Trans., 774 P.2d 213 (Ariz. 1989); Theama v. City of Kenosha, 344 N.W.2d 513 (Wis. 1984); Veland v. Reynolds Metal Co.,691 P.2d 190 (Wash. 1984); Berger v. Weber, 303 N.W.2d 424 (Mich. 1981).
Recognition by the courts of a child's right to bring suit to recover for loss of ante mortem parental consortium is not limited by the fact that the legislature has not chosen to include such a right of recovery in drafting a state's survival statutes or wrongful death statutes. While it is the province of the legislature to decide the scope and extent of statutory causes of action, it is the province of the courts to decide the extent of rights of recovery arising at common law. Hopson v. St. Mary's Hospital, supra; Mahon v, Heim, 165 Conn. 251, 260
(1973) (Bogdanski, J., dissenting) As an independent branch of government, to which the development of the common law is entrusted, it is for the courts to determine (as the Connecticut Supreme Court did when it recognized a cause of action for spousal loss of consortium in Hopson v. St. Mary's Hospital, supra, in 1979) whether the plaintiff has stated a cognizable claim.
While there is a division in authority in the Superior Court on this issue, the better-reasoned opinions favor recognition of a child's right to recover. See, e.g., Kizina v. Minier,5 Conn. L. Rptr. 481 (1992); Henderson v. Micciche, 6 Conn. L. Rptr. No. 11 318 (1992); Beckwith v. Akus, 8 Conn. L. Rptr. No. 15,487 (1993); Condron v. Pollak, 10 Conn. L. Rptr. No. 13, 411 (1994).
As Judge Santos aptly observed in Kuzina v. Minier, supra, the same considerations that led the Connecticut Supreme Court to recognize a spouse's cause of action in Hopson apply to the claims of the children of injured parents, especially since the importance of a parent's care and companionship in the well-being of a child and the effects of loss of those benefits have gained increased recognition.
This court finds that there is no principled reason for the courts to refuse to apply to the claims of children the same analysis as the Supreme Court applied to the claims of spouses in Hopson.
The motion to strike counts 1, 3, 5, 7, 9 and 11 of the amended complaint is denied, as these counts are found to state a cause of action. CT Page 4182
IV. FATHER'S CLAIM FOR ECONOMIC DAMAGES RESULTING FROM CHILDREN'S LOSS OF PARENTAL CONSORTIUM
The defendants have moved to strike the claim of Abdullah Shabazz, father of the plaintiff minor children, for the expenses he has incurred for medical care, counselling and therapy for the plaintiff children arising from their loss of ante mortem parental consortium. This claim is set forth in the Thirteenth Count of the complaint. Clearly, the parent cannot recover for the same items of loss for which the minor children recover. Since the amended complaint indicates in each of the claims brought on behalf of the children that each plaintiff minor child . . . "has received extensive medical treatment, all of which has and will cause him loss and damage," it appears that medical expenses are being claimed as part of the claims of the minor children. Section 52-204 C.G.S. makes the recovery of medical expenses in an action in behalf of the minor child a bar to any claim by the parent for the same expenses. While a parent may bring an action for a child's medical expenses without bringing an action on behalf of the child, Dzenutis v. Dzenutis, 200 Conn. 290, 308 (1986), the parent may not seek the same items of loss both for the child and for himself.
Accordingly, the motion to strike the Thirteenth Count is granted.
V. MAINTENANCE OF CHILDREN'S CLAIM SEPARATE FROM PARENTS' INJURY CLAIMS
The defendants assert that even if the plaintiff minor children have stated a cause of action for loss of parental consortium, such claims cannot be raised separately from the parents' claims for their own injuries. This court has consolidated this case with the separately filed case of Abdullah Shabazz et al v. Price et al, CV93 0353764, in which the children's father, Abdullah Shabazz, seeks recovery for his injuries in the collision at issue in both suits. As administrator of the estate of his wife, Chandra Shabazz, he seeks recovery for her injuries and death, including the ante mortem injuries which give rise to the children's claims.
Accordingly, the cited requirement is met.
VI. APPLICABILITY OF 14-295 TO CLAIMS FOR LOSS OF CONSORTIUM CT Page 4183
In Count 14 of the amended complaint the plaintiffs claim double or treble damages pursuant to 14-295 C.G.S. That statute provides for multiple damages only in particular situations:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-239 or 14-240a and that such violation was a substantial factor in causing such injury, death or damage to property.
The plaintiffs have alleged that the defendant driver violated14-218a, -222, -227a and -204a, C.G.S. The defendants assert that where the claimed injuries are those arising from loss of consortium, 14-295 does not apply as a matter of law because the plaintiffs are not seeking "to recover damages resulting from personal injury" within the meaning of 14-295, because the plaintiffs' claims are not for direct injuries to themselves but for injuries resulting from the personal injuries sustained by their parents.
Whether 14-295 C.G.S. is regarded as a cause of action, as in Lane v. Post, 7 Conn. L. Rptr. No. 8 230 (1992), or (as this court finds more accurate) as a statute giving rise only to enhanced remedies, not to a separate cause of action, general principles of statutory construction apply in determining the scope of its application. Section 1-1 C.G.S. provides that in the construction of statutes, words and phrases shall be construed "according to the commonly approved usage of the language; and technical words and phrases, and such as have acquired a peculiar and appropriate meaning in the law, shall be construed and understood accordingly."
The issue raised by the defendants is whether a loss of consortium claim can properly be said to seek recovery "resulting from personal injury." The mental distress and psychological suffering and other losses identified by the plaintiffs come within what is generally understood to encompass claims of "personal injury." The courts have repeatedly recognized that "personal injuries" are not synonymous with "bodily injuries." Izzo v. CT Page 4184 Colonial Penn Ins. Co, 203 Conn. 305, 313 (1987) and cases cited therein. The Supreme Court decided in Izzo that the term "personal injury" is broad enough to encompass a claim for injury which is personal to the claimant, although flowing from the physical injury to another, and found that a claim for loss of consortium is therefore a claim for "personal injury" under the terms of an insurance contract providing coverage for personal injuries. This court finds no reason to suppose that the Supreme Court would construe the same phrases in a statute to have a narrower meaning.
The court concludes that the plaintiffs have pleaded facts that properly invoke eligibility for multiple damages under 14-295
C.G.S., and the motion to strike this claim for enhanced damages is denied.
CONCLUSION
The motion to strike is granted as to Counts 2, 4, 6, 8, 10, 12 and 13 of the amended complaint.
The motion to strike is denied as to Counts 1, 3, 5, 7, 9, 11 and 14 of the amended complaint.
Beverly J. Hodgson Judge of the Superior Court