NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DAVID ALVARADO, et al.,
*Plaintiffs/Appellants*,

*v.*

ANDREW D. ATIEMO, M.D., et al.,
*Defendants/Appellees*.

No. 1 CA-CV 17-0346
No. 1 CA-CV 17-0523
FILED 10-25-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2014-013685
CV2016-016774
The Honorable Jo Lynn Gentry, Judge
The Honorable James T. Blomo, Judge, *Retired*
The Honorable Margaret Mahoney, Judge

**REVERSED; REMANDED**

---

COUNSEL

Lewis Law Firm, PLC, Phoenix
By Robert K. Lewis, Christopher A. Treadway, Ryan Lamb
*Co-Counsel for Plaintiffs/Appellants*

Kevin O'Connell & Associates, PLLC, Scottsdale
By Kevin O'Connell
*Co-Counsel for Plaintiffs/Appellants*

Broening, Oberg, Woods & Wilson, PC, Phoenix
By James R. Broening, Michelle L. Donovan, Alicyn M. Freeman,
John C. Quinn
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

---

**J O H N S E N**, Judge:

**¶1**         In this consolidated appeal, David Alvarado and his family appeal the superior court's dismissal of their medical malpractice claims in two separate lawsuits against Dr. Andrew Atiemo. For the following reasons, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         On November 5, 2012, Atiemo treated Alvarado for heart palpitations and fainting. Three days later, Alvarado suffered a massive stroke and brain bleed. On October 31, 2014, Alvarado and his family (collectively, "Plaintiffs") filed a lawsuit ("*Alvarado I*") against Atiemo and others, alleging medical negligence. On April 21, 2016, Plaintiffs voluntarily dismissed their claim against Atiemo without prejudice under Arizona Rule of Civil Procedure ("Rule") 41(a).

**¶3**         On October 7, 2016, Plaintiffs moved to amend their complaint to reinstate the claim against Atiemo. They explained they wanted to bring Atiemo back into the case because another defendant had just served a disclosure statement asserting for the first time that Atiemo's treatment caused Alvarado's injuries. Plaintiffs cited the Arizona savings statute, Arizona Revised Statutes ("A.R.S.") section 12-504(A) (2018), as to the claims of Lisa Alvarado (Alvarado's wife) and David Alvarado, Jr. (their adult son), and argued that the claims of Alvarado and his son Jacob (who was a minor when his father suffered the stroke) were tolled "of right" under A.R.S. § 12-502 (2018).[1]

---

[1]         Absent material revision after the relevant date, we cite the current version of a statute or rule.

¶4        Defendant John C. Lincoln Health Network ("JCL") objected, arguing the amendment was not needed because JCL had "already acknowledged" that Atiemo was its employee and that it would be jointly and severally liable for any negligence by him.  JCL also argued the court should not exercise its discretion to grant relief under § 12-504 to Lisa Alvarado and David Alvarado, Jr. because they had not diligently prosecuted their claim.  It also argued § 12-502 did not apply to Alvarado's or Jacob's claims.

¶5        The court heard oral argument on the motion on October 18, 2016.  In the absence of an immediate ruling on their motion to amend, Alvarado and his son Jacob filed a separate complaint against Atiemo in a new matter ("*Alvarado II*") ten days later.

¶6        On December 13, 2016, the superior court in *Alvarado I* issued a brief order granting the motion to amend without explanation.  Shortly thereafter, Plaintiffs filed an amended complaint.  Represented by the same law firm as JCL, Atiemo appeared and moved to dismiss, arguing the claim against him was time-barred.  The court granted Atiemo's motion to dismiss.  Shortly thereafter, citing the dismissal in *Alvarado I*, another division of the superior court dismissed the complaint in *Alvarado II*.

¶7        The court entered judgment pursuant to Rule 54(b) in both cases.  Alvarado timely appealed both judgments.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

## DISCUSSION

### A.        Standard of Review.

¶8        We review *de novo* a superior court's decision to dismiss a complaint.  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 8 (2012).  In determining whether a complaint states a claim for relief, "Arizona courts look only to the pleading itself." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).  Courts must "assume the truth of the well-pled factual allegations" and resolve all reasonable inferences in the plaintiff's favor. *Id*.  Mere conclusory statements, however, "are insufficient to state a claim upon which relief can be granted." *Id*.  Dismissal of a complaint for failure to state a claim is appropriate if "as a matter of law [ ] the plaintiff would not be entitled to relief under any interpretation of the facts." *Bunker's Glass Co. v. Pilkington PLC*, 202 Ariz. 481, 484, ¶ 9 (App. 2002).

**B.      Dismissal of the Complaint in *Alvarado I*.**

**1.      Claims of Lisa Alvarado and David Alvarado, Jr.**

**¶9**          A plaintiff has two years to file a medical negligence claim. A.R.S. § 12-542(1) (2018).  Alvarado's injuries occurred in November 2012; Plaintiffs moved for leave to file their amended complaint against Atiemo in October 2016.  Their claims, therefore, were time-barred unless an exception applied.

**¶10**          Plaintiffs had voluntarily dismissed their claims against Atiemo pursuant to Rule 41(a) before he answered the complaint.  When a plaintiff has voluntarily dismissed an action, § 12-504(A) grants the superior court discretion to allow the plaintiff to refile the action within six months of the dismissal without regard to the statute of limitations.  *See Janson v. Christensen*, 167 Ariz. 470, 472 (1991).  As relevant here, the statute states:

> If an action timely commenced is terminated by abatement, *voluntary dismissal* by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired.  Such period shall not exceed six months from the date of termination.

A.R.S. § 12-504(A) (emphasis added).

**¶11**          Plaintiffs' motion to amend the claims of Lisa and David Alvarado, Jr. was premised entirely on § 12-504.  We therefore infer that when the superior court granted that motion without explanation, the court necessarily was exercising its discretion under the savings statute to allow Lisa and David Alvarado, Jr. to refile their claims.

**¶12**          Atiemo asserts that, to the contrary, the superior court granted the motion to amend as to Lisa and David Alvarado, Jr. only because Rule 15(a)(2) provides that such motions should be granted freely. We disagree.  Plaintiffs' motion to amend did not cite the "freely granted" provision of Rule 15; neither did the superior court order granting the motion.  By contrast, the motion to amend and the opposition to the motion both argued at length about whether the court should grant relief under § 12-504.

**¶13** Atiemo likewise argues the superior court did not address the savings statute until it granted his motion to dismiss. The record does not support that assertion. The motion to dismiss did not cite § 12-504; neither did the court when it ordered the claims dismissed.[2]

**¶14** Lisa and David Alvarado, Jr. "timely commenced" their action by filing their original complaint within the two-year limitations period and they moved to amend within six months after they voluntarily dismissed their claims against Atiemo. *See* A.R.S. § 12-504(A). That being the case, the superior court order granting them leave to amend extended the time for them to commence a new action against Atiemo under § 12-504 and the superior court erred by dismissing their amended claims as time-barred.

### 2. Alvarado's claim.

**¶15** Plaintiffs' motion to amend argued that Alvarado could refile his claim against Atiemo "as a matter of right" under § 12-502. In relevant part, § 12-502 states that if a plaintiff

> is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

**¶16** Tolling under § 12-502 for an unsound mind requires proof the plaintiff "is unable to manage his affairs or to understand his legal rights or liabilities." *Doe v. Roe*, 191 Ariz. 313, 326 (1998). Such proof requires specific evidence:

> The policy of protecting defendants against stale and fraudulent clams cannot be overcome by conclusory averments such as assertions that one was unable to manage

---

[2] Atiemo also argues § 12-504(A) does not apply because the Plaintiffs voluntarily dismissed their claim against him by notice instead of by a court order. We will not address this contention because it was not raised in the superior court. *See Conant v. Whitney*, 190 Ariz. 290, 293 (1997).

daily affairs or understand legal rights and liabilities. The plaintiff instead must set forth specific facts – hard evidence – supporting the conclusion of unsound mind.

*Id.* at 326 (citation omitted).

**¶17**     Atiemo cites *Doe* and other cases addressing whether a plaintiff had come forward with sufficient evidence of an unsound mind to withstand summary judgment on the issue. *See, e.g.*, *Nolde v. Frankie*, 192 Ariz. 276, 282 (1998); *Florez v. Sargeant*, 185 Ariz. 521, 527 (1996). The issue here is not whether Alvarado has offered evidence sufficient to create a genuine issue of fact; it is whether the allegations in the amended complaint, if true, would be sufficient to prove an "unsound mind" under the statute. As noted above, in this inquiry, we assume the "well-pled" allegations of the complaint are true and resolve all inferences in favor of Alvarado. *See Cullen*, 218 Ariz. at 419, ¶ 7.

**¶18**     The amended complaint alleged that, as a result of the stroke, Alvarado "is an adult who lacks capacity" and that his "injuries are permanent, debilitating and have rendered him physically and mentally disabled, unable to work or care for himself without assistance." The complaint also alleged that Alvarado's massive stroke and brain bleed required emergency surgery in which "significant portions of devitalized brain tissue was removed," leaving him a "hemiplegic."[3] We conclude these allegations are sufficient to state a claim for relief under § 12-502.[4]

**¶19**     Atiemo contends that, to the contrary, the record "conclusively established that the plaintiff *could* understand his legal rights, where he had actually retained an attorney to prosecute his claim and filed suit, and participated in the discovery process for over a year." Atiemo

---

[3]     The term refers to paralysis of one side of the body. Mosby's Dictionary of Medicine, Nursing & Health Professions 855 (8th ed. 2009).

[4]     In his response to Atiemo's motion to dismiss, Alvarado asserted that after conducting a neuropsychological evaluation, Dr. Kevin O'Brien had concluded Alvarado has "impairments in: 'oral comprehension . . . [and] executive functioning'" and "limited awareness of his neurocognitive and neurobehavioral deficits." Alvarado also cited deposition testimony by Dr. Jack Poles, a treating physician, to the effect that Alvarado is unable to take care of his day-to-day needs without assistance. Alvarado cited O'Brien's report and Poles's testimony in the complaint in *Alvarado II*, but not in the amended complaint in *Alvarado I*.

further argues that the "unsound mind" provision in § 12-502 "is not a free invitation to cure what the Alvarados now perceive to be a tactical miscalculation in the discovery process."

**¶20**        In support, Atiemo cites *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1152-53 (D. Ariz. 2007), in which the district court entered summary judgment against a plaintiff who sought tolling under the unsound mind provision of § 12-502. The court in that case cited evidence the plaintiff had used an online "lawyer locator service" to look for a lawyer, discussed her claims at length with potential counsel, performed independent legal research on her claims, and, after she fired her lawyers, even represented herself during two days of arbitration hearings. 532 F. Supp. 2d at 1131, 1146-47. Like the other cases on which Atiemo relies, however, *Cecala* was decided on summary judgment, not a motion to dismiss. *Id.* at 1152-53. At this stage, given the allegations in the amended complaint and the record before us, we cannot presume that Alvarado's participation in the current lawsuit is akin to the evidence before the district court in *Cecala*. *See Fleming v. Black Warrior Copper Co. Amalgamated*, 15 Ariz. 1, 7-8 (1913) (plaintiff properly alleged application of the unsound mind exception by alleging he had been "insane" at all relevant times pertaining to the transaction).

**¶21**        In sum, the question here is not whether Alvarado has offered proof of an unsound mind but whether he has adequately alleged it. Because the allegations in Alvarado's amended complaint are sufficient, the superior court erred by granting Atiemo's motion to dismiss the claim.

### 3.        Jacob Alvarado's claim.

**¶22**        Atiemo does not dispute that Jacob Alvarado turned 18 years of age in July 2015. Under § 12-502, therefore, Jacob had two years from then to file his claim against Atiemo, and the superior court erred by ruling his claim was time-barred. Citing *Villareal v. Arizona Department of Transportation*, 160 Ariz. 474 (1989), Atiemo argues that if Alvarado's claim is time-barred, Jacob's claim likewise must be barred. *But see* Restatement (Second) of Judgments § 48 (1982) ("determination of issues in an action by [an] injured person . . . is preclusive against the family member, *unless the judgment was based on a defense that is unavailable against the family member*") (emphasis added). We need not resolve Atiemo's contention because, given our conclusion that the superior court erred by dismissing Alvarado's amended claim, the premise of Atiemo's argument is no longer correct.

## C.     Dismissal of the Complaint in *Alvarado II*.

¶23        Alvarado and Jacob Alvarado, the plaintiffs in *Alvarado II*, argue the court erred by dismissing their claims in that case based on the preclusive effect of the dismissal of their claims in *Alvarado I*.  Under res judicata, or claim preclusion, a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action, even when the judgment is entered after the second suit is filed.  *Murphy v. Bd. of Med. Exam'rs*, 190 Ariz. 441, 449 (App. 1997).

¶24        Our reversal of the dismissal in *Alvarado I* negates any preclusive effect that judgment might have in *Alvarado II*.  *See* Restatement (Second) of Judgments § 16 cmt. c (1982) ("If, when the earlier judgment is set aside or reversed, the later . . . is still open to appeal . . . a party may inform the trial or appellate court of the nullification of the earlier judgment and the consequent elimination of the basis for the later judgment.  The court should then normally set aside the later judgment."); *see also Butler v. Eaton*, 141 U.S. 240, 242-44 (1891) (after prior judgment is reversed, "[w]hy, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?").  Accordingly, the legal basis for the dismissal of the complaint in *Alvarado II* is no longer valid.

## CONCLUSION

¶25        For the foregoing reasons, we reverse the judgments of the superior court in both cases and remand for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:  AA